IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH VIGIL,

    Petitioner,

v.      No. 22-cv-0026 MV-KK

RONALD MARTINEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Joseph Vigil's Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Also before the Court is his Motion to Clarify (Doc. 5) (Motion). Petitioner challenges his 2015 state convictions based on, inter alia, due process violations. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will grant the Motion but require Petitioner to show cause why the Petition should not be dismissed as untimely.

**I. Procedural Background**[1]

In 2015, a jury convicted Petitioner of armed robbery and attempted armed robbery. *See* Doc. 1 at 1. The state court sentenced him to a total term of 17 years imprisonment, based on habitual offender enhancements, followed by term of parole. *Id.*; *see also* Judgment and Sentence in D-101-CR-2013-233. Judgment was entered on October 15, 2015. Judgment and Sentence in

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Petitioner's state court criminal dockets, Case No. Case Nos. D-101-CR-2013-233; A-1-CA-35215; and S-1-SC-37855. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

D-101-CR-2013-233. Petitioner filed a direct appeal, and the New Mexico Court of Appeals (NMCA) affirmed. *See State v. Vigil*, 2019 WL 2996945, at *1 (N.M. Ct. App. June 28, 2019). The New Mexico Supreme Court (NMSC) denied certiorari relief on October 3, 2019. *See* Order Denying Petition in S-1-SC-37855. The state dockets reflect Petitioner did not seek further review with the United States Supreme Court (USSC). His conviction therefore became final no later than January 3, 2020, *i.e.,* the first business day after expiration of the 90-day federal certiorari period. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where petitioner declines to seek federal certiorari review on direct appeal, the conviction becomes final after the 90-day USSC certiorari period has passed); Rule 30.1 of the Rules of the Supreme Court of the United States, Effective July 1, 2019 (time periods ending on a weekend or holiday run through the next court business day).

Petitioner filed a state habeas petition later that year on July 21, 2020. *See* Habeas Corpus Petition in D-101-CR-2013-233. The state court denied the petition by an order entered January 11, 2021. *See* Order of Dismissal in D-101-CR-2013-233. Petitioner did not appeal that ruling. *See* Doc. 1 at 9; Docket Sheet in D-101-CR-2013-233. On January 12, 2022, Petitioner filed the instant federal § 2254 Petition. He raises claims pertaining to a speedy trial violation; instructional error; and prosecutorial misconduct. *See* Doc. 1 at 5, 7-8. The Petition is ready for initial review pursuant to Habeas Corpus Rule 4. Petitioner also filed a Motion seeking clarification of the filing fee requirement, which the Court will grant. *See* Doc. 5. As such, the Court notifies Petitioner that his $5.00 filing fee was received March 17, 2022, and unless and until he files an appeal, he does not owe any additional fee in connection with this case.

## II. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). As noted above, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1)   While a state habeas petition is pending, § 2244(d)(2);

(2)   Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)   Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)   Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). *See also Donald v. Pruitt,* 853 Fed. App'x 230, 234 (10th Cir. 2021) (inmate who experiences COVID-19 lockdowns must still show "he was pursuing his rights diligently throughout the one-year window").

Here, it appears the one-year period began to run no later than January 3, 2020, after Petitioner declined to seek federal certiorari review on direct appeal. *See Rhine*, 182 F.3d at 1155. Two hundred (200) days passed before Petitioner filed his first state habeas petition on July 21, 2020, which stopped the clock pursuant to § 2244(d)(2). That proceeding remained pending

3

through February 10, 2021, when the 30-day appeal period expired in connection with the state trial order denying habeas relief.  *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (state habeas proceeding remains pending, for tolling purposes, "through the state statutory time to appeal"); NMRA Rule 12-501 (a writ of certiorari must be filed within 30 days after the state district court's denial of a habeas petition).  "The next day [February 11, 2021] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [165 days]² resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations under § 2244).   The state docket reflects there was no additional tolling activity during the next 165 days, and absent tolling, the one-year limitation period appears to have expired no later than July 26, 2021.

For these reasons, Petitioner must show cause in writing no later than March 13, 2023, why the Petition is not time-barred.  The failure to timely respond or overcome the time-bar will result in dismissal of the habeas action without further notice.  *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*…. [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

**IT IS ORDERED** that Petitioner's Motion to Clarify (**Doc. 5**) is **GRANTED,** and there are no outstanding fees due at this time.

---

² The Court arrived at this figure by subtracting the number of days that initially elapsed (200) from the one-year period (*i.e.,* 365 days in a year - 200 days = 165 remaining days).

**IT IS FURTHER ORDERED** that, no later than **March 13, 2023**, Petitioner must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE