IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH VIGIL,

    Petitioner,

v.                                                                 Civ. No. 22-26 MV/KK

RONALD MARTINEZ, *et al.*,

    Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

Before the Court are Petitioner Joseph Vigil's: (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) ("Petition"), filed January 12, 2022; and, (2) Pro Se Motion to Dismiss § 2254 Petition for Writ of Habeas Corpus and to Grant Stay [of] Time Bar to [Exhaust] State [Remedies] (Doc. 27) ("Motion"), filed November 20, 2024. Having reviewed the parties' submissions, the record, and the relevant law, I recommend that Mr. Vigil's Petition be DISMISSED WITH PREJUDICE and that his Motion be DENIED.

**I.**    **BACKGROUND**

On May 19, 2015, a jury in the First Judicial District Court for the State of New Mexico convicted Mr. Vigil of armed robbery and attempted armed robbery. (Doc. 18-1 at 53, 55.) The trial court entered a judgment and sentence on these convictions on October 15, 2015. (*Id.* at 67-69.) Mr. Vigil appealed the convictions, and on June 28, 2019, the New Mexico Court of Appeals affirmed them. (*Id.* at 276-302.) On October 3, 2019, the New Mexico Supreme Court denied Mr. Vigil's petition for a writ of certiorari to the court of appeals, and Mr. Vigil did not seek a writ of certiorari from the United States Supreme Court. (*Id.* at 312-13.) His convictions therefore became final no later than January 3, 2020, *i.e.,* the first business day after the 90-day deadline to file a

federal certiorari petition expired. *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); *see* U.S. Sup. Ct. R. 13(1) (federal certiorari petition is timely if filed within 90 days after entry of judgment or denial of discretionary review by state court of last resort).

Mr. Vigil filed a petition for a writ of habeas corpus in state district court on July 13, 2020, 192 days after his convictions became final.[1] (Doc. 18-1 at 315-30.) Pursuant to 28 U.S.C. § 2244(d)(2), the pending state habeas petition tolled the limitation period for Mr. Vigil to file a federal habeas petition. The state district court dismissed Mr. Vigil's state habeas petition on January 11, 2021, and Mr. Vigil did not file a petition for a writ of certiorari seeking review of the dismissal, which thus became final on February 10, 2021. (Doc. 18-1 at 454-57); *see* N.M. R. App. P. 12-501(B) (state petition for writ of certiorari must be filed within 30 days of entry of district court order denying habeas petition). Mr. Vigil filed his federal habeas petition in this Court on January 12, 2022, 336 days after tolling of the limitation period for filing it ended on February 10, 2021. (Doc. 1); *see Gibson v. Klinger*, 232 F.3d 799, 804, 807 (10th Cir. 2000) (for tolling purposes, state habeas proceeding remains pending "through the state statutory time to appeal").

On February 10, 2023, the Court issued a Memorandum Opinion and Order (Doc. 6) ("Order") pursuant to its initial review of Mr. Vigil's Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In the Order, the Court ordered Mr. Vigil to show cause why it should not dismiss his Petition as untimely. (Doc. 6 at 5.) The Court explained that under 28 U.S.C. § 2244(d)(1)(A), a petition under Section 2254 must be filed within one year after the challenged judgment becomes final and, excluding the time during which Mr. Vigil's state habeas petition was pending, this "limitation period appears to have expired no later than July

---

[1] In its February 10, 2023 Memorandum Opinion and Order, the Court indicated that Mr. Vigil filed his state habeas petition on July 21, 2020. (Doc. 6 at 2-3.) However, the file stamp on the petition's first page indicates that the state district court deemed the petition filed eight days earlier, on July 13, 2020. (Doc. 18-1 at 315.)

26, 2021."[2] (*Id.* at 3-4.) Mr. Vigil filed a response to the Court's Order on March 10, 2023, and an amended response on April 24, 2023. (Docs. 7, 10.) In his responses, Mr. Vigil does not dispute that the Petition is untimely under 28 U.S.C. § 2244(d)(1)(A) but argues that it is timely under the alternative limitation periods set forth in 28 U.S.C. § 2244(d)(1)(B) and (D). (*Id.*) Mr. Vigil also argues that the Court should equitably toll the limitation period. (*Id.*)

On March 4, 2024, the Court ordered Respondents to answer the Petition. (Doc. 12.) Respondents answered the Petition on May 8, 2024, and Mr. Vigil replied in support of it on December 16, 2024. (Docs. 18, 31.)

Meanwhile, on November 20, 2024, Mr. Vigil filed a Motion asking the Court to dismiss his Petition without prejudice to allow him to return to state court to fully exhaust his state court remedies. (Doc. 27.) In the Motion, Mr. Vigil also asks the Court to stay the applicable limitation period for filing his federal habeas petition while he does so. (*Id.*) Alternatively, Mr. Vigil asks the Court to stay this case while he exhausts his state court remedies. (*Id.*) Respondents filed a response in opposition to the Motion on December 2, 2024, and Mr. Vigil replied in support of it on March 24, 2025. (Docs. 30, 33.)

II.   **LEGAL STANDARDS**

A petition for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254 must generally be filed within one year of the latest of: (A) the date on which the challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"; (B) the date on which unconstitutional state action that impeded the filing of the petition was removed; (C) the date on which the United States Supreme Court first recognized the

---

[2] In its Order, the Court calculated that the limitation period for Mr. Vigil to file a federal habeas petition under 28 U.S.C. § 2244(d)(1)(A) expired no later than July 26, 2021. (Doc. 6 at 4.) However, because Mr. Vigil's state habeas petition was deemed filed on July 13, 2020, rather than July 21, 2020, the limitation period was tolled for an additional eight days under 28 U.S.C. § 2244(d)(2), and expired eight days later, on August 3, 2021.

at-issue constitutional right, if the right was newly recognized and made retroactively applicable to cases on collateral review; or, (D) the date on which the factual basis for the petitioner's claim or claims could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In calculating the one-year limitation period, the time during which a properly filed state habeas petition challenging the judgment is pending is not counted. 28 U.S.C. § 2244(d)(2).

Equitable tolling of the one-year limitation period set forth in Section 2244(d) is available, but "only … when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). Thus, a prisoner seeking equitable tolling bears the burden of establishing two elements, *i.e.*, that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance beyond his control stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Marsh*, 223 F.3d at 1220. Equitable tolling is appropriate only "in rare and exceptional circumstances," *Gibson*, 232 F.3d at 808, and the petitioner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). When a petitioner files a federal habeas petition outside the applicable one-year limitation period and is not entitled to equitable tolling, "his federal petition is barred by the statute of limitations." *Pace*, 544 U.S. at 419.

### III. TIMELINESS OF MR. VIGIL'S PETITION

Mr. Vigil addresses the timeliness of his Petition in six documents: (1) his Petition and reply in support, (Docs. 1, 31); (2) his response and amended response to the Court's Order, (Docs. 7, 10); and, (3) his Motion and reply in support. (Docs. 27, 33.) In these documents, Mr. Vigil does not dispute the Court's calculation that the Petition is untimely under 28 U.S.C. § 2244(d)(1)(A)

because he filed it more than one year after the date on which his convictions became final. (*See generally* Docs. 1, 7, 10, 27, 31, 33.) Instead, he argues that the Court should either calculate the one-year limitation period from a later date under 28 U.S.C. § 2244(d)(1)(B) or (D), or equitably toll the limitation period, because: (1) COVID-19 lockdowns, quarantines, and restrictions prevented him from timely filing the Petition; (2) the Southern New Mexico Correctional Facility ("SNMCF") unconstitutionally denied him access to caselaw; (3) the New Mexico Corrections Department ("NMCD") unconstitutionally prohibited other inmates from helping him prepare legal documents; and, (4) the state did not provide him with a transcript of his criminal trial.[3] (*Id.*) The Court will address each of these asserted grounds in turn.

### A.     COVID-19 Lockdowns, Quarantines, and Restrictions

Mr. Vigil first argues that the Court should equitably toll the applicable one-year limitation period for filing his Petition because COVID-19 lockdowns, quarantines, and restrictions prevented him from filing it in a timely manner. (Doc. 1 at 13-14.) Prison lockdowns, including lockdowns related to COVID-19, do not automatically warrant equitable tolling of the limitation period for filing a federal habeas petition. *Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021); *Parker v. Jones*, 260 F. App'x 81, 85 (10th Cir. 2008).[4] Rather, to successfully plead that a court should equitably toll the limitation period because of a lockdown or other restriction related to COVID-19, a petitioner must allege both that the restriction prevented him from timely filing

---

[3] In his response and amended response to the Court's Order, Mr. Vigil also states that "[e]ven still, the NMCD is illegally interfering with his ability to challenge his conviction by now prohibiting inmates from receiving and possessing the original legal documents from attorneys, courts or government officials. Most courts do not accept non-original documents, especially related to criminal matters." (Doc. 7 at 2; Doc. 10 at 2.) However, Mr. Vigil has not identified any pleadings or attachments he tried but was unable to file in state or federal court because they were not original, and the Court is not aware of any such documents. (*Id.*) Thus, Mr. Vigil has plainly failed to allege sufficient facts to show that this claimed impediment prevented him from timely filing his Petition. *Yang*, 525 F.3d at 928.

[4] In the Tenth Circuit, unpublished decisions are not binding precedent but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

his petition and that he pursued his rights diligently throughout the limitation period. *Donald*, 853 F. App'x at 234. To do so, the petitioner must allege specific facts detailing how the restriction prevented him from timely filing a petition and the steps he took to diligently pursue his rights. *United States v. Tinsman*, No. 21-7024, 2022 WL 3208346, at *2-*4 (10th Cir. Aug. 9, 2022).

Here, Mr. Vigil has failed to allege sufficient facts to support his request for equitable tolling based on COVID-19 lockdowns and other restrictions. In his Petition, Mr. Vigil writes that, "due to Covid-19 lockdowns, quarantines[,] and restrictions [he] was not able to file [his] state habeas corpus petition until July 21, 2020." (Doc. 1 at 13.) He adds that after the state district court dismissed the petition, "the same, if not worse, lockdowns[,] quarantines[,] and restrictions prevented [him] from having [his] appeal of that decision heard or received by the state's Supreme Court … in July." (*Id.* at 13-14.)

Mr. Vigil provides no further details about the COVID-19 lockdowns, quarantines, and other restrictions that he claims delayed the filing of his state habeas petition and prevented him from filing a state petition for a writ of certiorari. (*See generally* Docs. 1, 7, 10, 27, 31, 33.) In particular, he does not describe the nature of the restrictions in question, when they began and ended, and how they stood in the way of his filing a state or federal habeas petition. (*Id.*) Nor does he allege specific facts showing that he acted with due diligence throughout the limitation period, omitting to indicate, for example, what steps he took to try to file his state habeas petition more promptly and to file a state certiorari petition within the time allowed.[5] (*Id.*) Mr. Vigil has therefore

---

[5] In support of his contention that COVID-19 restrictions prevented him from filing a state petition for a writ of certiorari after his state habeas petition was dismissed, Mr. Vigil refers to "Attachment No. 3" to his Petition. (Doc. 1 at 13-14.) "Attachment No. 3" is a July 27, 2021 form letter from the Pro Se Division of the New Mexico Supreme Court Clerk's Office to Mr. Vigil, informing him that "[t]his office cannot perform legal research or provide legal advice" and "[t]he Court may not consider ex parte communications concerning pending or impending matters." (*Id.* at 23-24.) Mr. Vigil does not explain how this letter supports his claim that COVID-19 restrictions prevented him from filing a state certiorari petition, nor is the connection obvious.

failed to plead entitlement to equitable tolling based on COVID-19 lockdowns, quarantines, and restrictions.

> **B.**    **SNMCF's Policy Denying Mr. Vigil Access to Caselaw**

Mr. Vigil next makes two alternative claims based on his allegation that the SNMCF denied him access to caselaw. Specifically, he argues that the Court should either: (1) calculate the one-year limitation period for filing his Petition from the date this allegedly unconstitutional impediment was removed pursuant to Section 2244(d)(1)(B); or, (2) equitably toll the limitation period due to this denial. (Doc. 7 at 1-2; Doc. 10 at 1-2.)

Prisoners have a constitutional right of access to the courts to file habeas corpus petitions. *Johnson v. Avery*, 393 U.S. 483, 485 (1969). However, this right does not mandate that states provide prisoners with any particular means of access to legal materials and assistance. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Services such as "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 351 (quotation marks omitted). Thus, to establish a violation of his right of access to the courts, a prisoner must show not only that the legal materials or services available to him were deficient, but also that these "alleged shortcomings … hindered his efforts to pursue a legal claim." *Id.*

It follows that, to successfully plead lack of access to legal materials as an unconstitutional impediment to the filing of a federal habeas petition under Section 2244(d)(1)(B), a petitioner must allege specific facts to show that the lack of access prevented him from timely filing his petition. *See, e.g., Garcia v. Hatch*, 343 F. App'x 316, 318-19 (10th Cir. 2009) (petitioner denied access to law library did not sufficiently explain how he was prevented from timely filing habeas petition where prison provided him with form packets, staff assistance, and "a number of legal texts and

reference books"); *Paolone v. Haun*, 52 F. App'x 478, 480 (10th Cir 2002) (petitioner did not allege specific facts to show how lack of access to legal materials impeded his ability to file habeas petition). Similarly, "vague allegations" of "lack of access to legal materials or assistance" do not adequately support a request for equitable tolling of the limitation period for filing a federal habeas petition. *Parker*, 260 F. App'x at 85. Rather, as noted in Section II., *supra*, a petitioner must allege "specific facts to support his claim of extraordinary circumstances and due diligence" to justify such relief. *Yang*, 525 F.3d at 928; *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (discussing Section 2244(d)(1)(B) and availability of equitable tolling in rejecting constitutional challenge to limitation period set forth in Section 2244(d), and noting that "[i]t is not enough to say that the [state prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate").

Here, Mr. Vigil has not alleged sufficient facts to support his claim that lack of access to caselaw prevented him from timely filing his Petition. As relevant to this claim, Mr. Vigil alleges that the SNMCF had a policy of denying inmates access to caselaw, which did not end until January 2023. (Doc. 7 at 2; Doc. 10 at 2.) He also submits a grievance, an inmate request form, and a sworn statement. (Doc. 10 at 4-12.) In the grievance, dated July 21, 2019, Mr. Vigil wrote that "the librarian" told him she could provide him with "statutes and court rules" but not "cases" or "court rulings." (*Id.* at 7.) On July 24, 2019, a prison official denied the grievance, writing, "[p]er policy no cases are provided to inmates." (*Id.*) In the inmate request form, dated October 12, 2020, Mr. Vigil wrote that he requested caselaw from the New Mexico Supreme Court law library but library staff told him the NMCD could "provide access to those cases." (*Id.* at 9.) He therefore requested that the SNMCF grant him access to caselaw. (*Id.*) And in the sworn statement, dated February 21,

8

2023, and signed and notarized on March 29, 2023, Mr. Vigil reiterated that "[t]his facility" forbade him from having access to caselaw in the facility's library until January 2023. (*Id.* at 4-5.)

Construing the foregoing allegations and attachments liberally,[6] Mr. Vigil claims that the SNMCF denied him access to caselaw from July 2019 to January 2023. However, he alleges no specific facts to show how this denial prevented him from timely filing his Petition. (*See generally* Docs. 1, 7, 10, 27, 31, 33.) Nor can the Court infer that it did so, for two reasons. First and most obviously, Mr. Vigil was able to file a state habeas petition in July 2020, and a federal habeas petition in January 2022, both while the alleged impediment was still ongoing. (Doc. 1; Doc. 18-1 at 315-30); *see Parker*, 260 F. App'x at 85 (finding petitioner's "equitable-tolling argument … undermined by the fact that he managed to file two applications for post-conviction relief during the periods when he allegedly lacked access to legal materials and assistance"). Moreover, in an addendum to his state habeas petition, Mr. Vigil cited to five cases and indicated that this caselaw was "enclosed." (Doc. 18-1 at 330.)

Second, the documents Mr. Vigil has submitted affirmatively show that he did have some access to legal materials and assistance, including a "librarian" able to provide him with "statutes and court rules." (*See* Doc. 10 at 7.) Further, Mr. Vigil does not address whether he had access to additional types of legal materials other than caselaw, such as the forms, legal texts, and reference books discussed in *Garcia*, 343 F. App'x at 318.[7] For these reasons, the facts Mr. Vigil alleges are

---

[6] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," but the Court cannot "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] In this regard, I take judicial notice of NMCD Policies CD-121000, 121001, and 121002 and appendices, which were issued in 1989 and revised in August 2024, and which detail legal assistance and materials to be made available to NMCD inmates, including statutes, rules, legal texts, reference books, forms, and packets, as well as four landmark cases. https://www.cd.nm.gov/policies/ (last accessed Sept. 16, 2025); *see* Fed. R. Evid. 201(b) (courts "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be

9

inadequate to show that (a) the SNMCF policy denying him access to caselaw unconstitutionally prevented him from timely filing his Petition, or (b) the policy was an extraordinary circumstance that prevented timely filing and he acted with due diligence. Mr. Vigil's claim of lack of access to caselaw therefore fails to show timeliness under Section 2244(d)(1)(B) or that he is entitled to equitable tolling.

### C. NMCD's Policy Prohibiting Other Inmates from Assisting Mr. Vigil

Mr. Vigil also makes two alternative claims based his allegation that NMCD policy prohibits inmates from helping one another to prepare legal documents. Specifically, he argues that the Court should either: (1) calculate the one-year limitation period from the date this allegedly unconstitutional impediment was removed pursuant to Section 2244(d)(1)(B); or, (2) equitably toll the limitation period due to this policy. (Doc. 7 at 1-2; Doc. 10 at 1-2.)

A prisoner does not have a constitutional right to counsel to collaterally attack a criminal conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Nor does the state deny an inmate meaningful access to the courts by categorically prohibiting other inmates from helping him prepare a petition for post-conviction relief if the state "provides some reasonable alternative." *Johnson*, 393 U.S. at 489-90. As discussed in Section III.B., *supra*, the right of access to the courts does not guarantee any particular type of legal assistance, but rather simply "the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis*, 518 U.S. at 350-51 (quotation marks omitted). Thus, and as also discussed in Section III.B., to allege a violation of the right of access to the courts, a prisoner must show not only that the legal services available to him were deficient, but also that these "alleged shortcomings … hindered his efforts to pursue a legal claim." *Id.* at 351.

---

questioned"). Although these policies do not affirmatively establish that Mr. Vigil had access to the listed materials and assistance, they do illustrate types of legal materials other than caselaw that may have been available to him.

Here, Mr. Vigil has not alleged specific facts to support his claim that lack of access to the assistance of other inmates hindered his ability to timely file his Petition. In his response and amended response to the Court's Order, Mr. Vigil alleges that the NMCD has an ongoing policy of prohibiting inmates from assisting one another in preparing legal documents.[8] (Doc. 7 at 2 (citing NMCD Policy CD-090101.B(38)); Doc. 10 at 2 (same).) He then makes the conclusory assertion that "this 'unconstitutional state action' … has caused the impediment to [his] right to time[ly] file his federal habeas petition." (Doc. 7 at 2 (citing 28 U.S.C. § 2244(d)(1)(B)); Doc. 10 at 2 (same).) Similarly, in his reply in support of his Petition, he declares that "if not for [this] state[-]generated impediment his Petition … would have been … timely filed." (Doc. 31 at 2-3.) And in his reply in support of his Motion, he adds that he has filed administrative grievances and complaints seeking to overturn the policy, which "has had an untenable effect on [his] constitutional right to effectively challenge his conviction and to meet whatever deadlines necessary."[9] (Doc. 33 at 2-3.)

However, Mr. Vigil provides no specific facts to support his conclusory assertions that the NMCD's policy prohibiting other inmates from helping him prevented him from timely filing his Petition. Among other things, he does not address whether other types of legal assistance were

---

[8] Mr. Vigil also claims that "[i]t is literally a violation of NMCD [policy] for an inmate … to simply possess case law, precedents, and public court documents that are not their own." (Doc. 33 at 2-3.) But this appears to be a misreading of NMCD Policy CD-090101.B(15), which prohibits "[p]ossessing legal documents of another inmate *outside the immediate presence of the inmate to whom the documents belong*." (*Id.* at 8 (emphasis added).)

[9] Nevertheless, in his reply in support of his Motion, Mr. Vigil suggests that he has in fact received help from other inmates in preparing legal documents despite the challenged policy, stating that "[t]he reason the handwriting is even different from [his Petition] to the most recent filings is because … without any attorney, [he] is forced to seek out whatever legal assistance he can get from [who]ever is competent enough and brave enough to assist him despite the consequences." (Doc. 33 at 3.)

11

available to him while in NMCD custody.[10] (*See generally* Docs. 1, 7, 10, 27, 31, 33.) And he identifies no reason, such as a physical impairment or language barrier, why he could not timely prepare the Petition himself using the legal assistance and materials available. (*See generally id.*) Moreover, the record shows that Mr. Vigil has been able to file a number of *pro se* pleadings while the challenged policy has been in effect, including but not limited to his state and federal habeas petitions. (*See, e.g., id.*; Doc. 18-1 at 315-30.) For these reasons, the facts Mr. Vigil alleges are insufficient to show that (a) the NMCD's policy prohibiting inmates from helping one another prepare legal documents unconstitutionally prevented him from timely filing his Petition, or (b) the policy was an extraordinary circumstance that prevented timely filing and he acted with due diligence. Mr. Vigil's claim based on the challenged policy therefore fails to show timeliness under Section 2244(d)(1)(B) or that he is entitled to equitable tolling.

    **D.**  **State's Failure to Provide Mr. Vigil with a Trial Transcript**

Mr. Vigil next claims that he was unable to timely file his Petition because the state failed to provide him with a transcript of his criminal trial, thereby denying him "the right to prove the factual basis for his claims until recently." (Doc. 7 at 2 (citing 28 U.S.C. § 2244(d)(1)(D)); Doc. 10 at 2 (same); Doc. 31 at 2.) As relevant to this claim, Mr. Vigil attached to his amended response to the Court's Order a March 18, 2021 memorandum from a First Judicial District Court Clerk Manager, who wrote that the court could not provide Mr. Vigil with a trial transcript because the trial was not recorded stenographically, but who enclosed a copy of the log notes to the audio recording of the trial. (Doc. 10 at 11.) Mr. Vigil also attested, in his February/March 2023 sworn statement, that "only recently was [he] able to pay to have [his] recordings [of his criminal

---

[10] Again, in this regard, I take judicial notice of NMCD Policies CD-121000, 121001, and 121002 and appendices, which detail the legal assistance and materials to be made available to NMCD inmates, including form packets and assistance from designated staff. https://www.cd.nm.gov/policies/ (last accessed Sept. 16, 2025).

proceedings] transcribed." (*Id.* at 5.) In his reply in support of the Petition, in turn, he elaborated that the NMCD denied him "transcription I.T. capabilities to read transcripts off of provided C.D.s by the Clerk's Offices" and that he had to mail "transcripts" to family to look for "transcriptionist services" because he was "unable to read them by computer aided access[]." (Doc. 31 at 2.) Mr. Vigil asserts that this impediment prevented him from timely filing his Petition and that he could not show the factual basis for his claims until he received a transcript. (Doc. 7 at 2; Doc. 10 at 2; Doc. 31 at 3.)

Construing these pleadings and documents liberally, Mr. Vigil appears to be arguing that: (1) his Petition is timely under Section 2244(d)(1)(B) because the one-year limitation period for filing the Petition should be measured from the date on which the unconstitutional state impediment of failure to provide him with a trial transcript was removed; (2) his Petition is timely under Section 2244(d)(1)(D) because he was unable with due diligence to discover the factual basis for his claims until he obtained a trial transcript; and, (3) the Court should equitably toll the applicable limitation period due to the challenged circumstances.[11]

With respect to Mr. Vigil's first argument, to successfully plead lack of access to transcripts or other legal documents as an unconstitutional impediment to the filing of a federal habeas petition under Section 2244(d)(1)(B), a petitioner must allege specific facts to show that the lack of access

---

[11] For the first time in his Motion, Mr. Vigil also appears to claim that the one-year limitation period for filing a federal habeas petition should not apply because he has "'new evidence' as to actual innocence," *i.e.*, an "exculpatory" affidavit by his co-defendant Frankie Garduño. (Doc. 27 at 2-3.) Mr. Vigil is correct that there is an actual-innocence exception to Section 2244(d)'s statute of limitations, but to be entitled to it, "a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quotation marks omitted). And here, Mr. Vigil's belated, vague, and conclusory allegation fails to satisfy this standard because it provides no information about what Mr. Garduño attested to or how his affidavit makes it more likely than not that no reasonable juror would have convicted Mr. Vigil. Nor does Mr. Vigil allege specific facts to show that he could not, with due diligence, have discovered the affidavit earlier, as would be necessary to successfully plead that its discovery rendered his Petition timely under Section 2244(d)(1)(D). Thus, Mr. Vigil's claim regarding Mr. Garduño's affidavit does not relieve Mr. Vigil of Section 2244(d)(1)(A)'s one-year limitation period.

prevented him from timely filing his petition. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Weibley v. Kaiser*, 50 F. App'x 399, 402-03 (10th Cir. 2002). Here, however, Mr. Vigil has alleged no specific facts to show how lack of access to a trial transcript prevented him from timely filing his Petition. On the contrary, "access to the trial transcript—although understandably helpful to petitioners—is not necessary to file a habeas petition." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011), *cited with approval in United States v. Denny*, 694 F.3d 1185, 1192 (10th Cir. 2012). The fact that Mr. Vigil was able to file his Petition without a trial transcript bears this out. Specifically, Mr. Vigil filed his Petition on January 12, 2022, but did not obtain a trial transcript until shortly before February or March 2023. (Doc. 1 at 1; Doc. 7 at 2; Doc. 10 at 2, 5); *see Hall*, 662 F.3d at 751 (fact that petitioner filed habeas petition without having received transcript showed he did not need it to file petition). Thus, Mr. Vigil's argument that his Petition is timely under Section 2244(d)(1)(B) because he lacked access to a trial transcript is without merit.

Mr. Vigil's second argument based on his lack of access to a trial transcript, *i.e.*, that it rendered his Petition timely under Section 2244(d)(1)(D), also fails. (Doc. 7 at 2; Doc. 10 at 2.) Section 2244(d)(1)(D) provides that a federal habeas petition is timely if it is filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Under this section, the limitation period begins to run when the factual basis of a petitioner's claim becomes "reasonably ascertainable," *i.e.*, when a reasonable person could have discovered the facts pertinent to his claim. *Denny*, 694 F.3d at 1190.[12]

Mr. Vigil takes the position that he was unable to discover the factual basis for his claims until he obtained a trial transcript. (Doc. 7 at 2; Doc. 10 at 2.) But this position is fatally flawed

---

[12] At issue in *Denny* was the timeliness of a federal habeas petition under 28 U.S.C. § 2255. *See Denny*, 694 F.3d at 1190-92. In relevant part, Section 2255 provides that a petition under that section must be filed within one year of "the

for two reasons. First, Mr. Vigil has not denied that he was present at his trial and therefore became aware of the facts pertinent to any claims arising out of it at that time. (*See generally* Doc. 1, 7, 10, 27, 31, 33); *see Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (Section 2244(d)(1)(D) did not apply where petitioner was "clearly aware" of proceedings forming factual basis of his claims "years before he filed his state petition"); *cf. Hall*, 662 F.3d at 751 (petitioner was not entitled to equitable tolling based on lack of access to trial transcript where, "[e]ven without the transcript, [the petitioner] clearly knew what took place at his trial and what his grounds for relief were"). And second, even if Mr. Vigil did need a trial record to discover facts pertinent to his claims, the record here shows that he had access to an audio recording of his trial long before the one-year limitation period under Section 2244(d)(1)(A) expired. Specifically, Peggy Vigil, who resided at the same address as Mr. Vigil,[13] signed a receipt for a copy of the audio recording of the trial on July 27, 2015, roughly six years before the limitation period expired in early August 2021. (Doc. 18-1 at 66; *see* Section I. & n.2, *supra*.) Moreover, Mr. Vigil admits that he had access to this recording before he obtained a transcription of it, and also admits that he received log notes of the recording in or about March 2021. (Doc. 10 at 5, 11; Doc. 31 at 2.)

In addition, even if Mr. Vigil were correct that he needed an actual transcript to discover the factual basis of his claims, he has not alleged sufficient facts to show that he exercised due diligence to obtain one. Again, the record shows that Mr. Vigil had access to a copy of the audio recording of his criminal trial in or shortly after July 2015. (Doc. 18-1 at 66.) Nearly four and a half years elapsed between then and January 2020, when Mr. Vigil's convictions became final,

---

date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Section 2255(f)(4) as applied to a Section 2255 petition is therefore functionally equivalent to Section 2244(d)(1)(D) as applied to a Section 2254 petition.

[13] On the "CD Request" form she completed, Ms. Vigil listed the same address as Mr. Vigil's address of record. (*Compare* Doc. 18-1 at 1, 2, and 27 *with id.* at 65.)

15

and the one-year limitation period for filing a federal habeas petition under Section 2244(d)(1)(A) began to run. (*See* Section I., *supra.*) And another year and a half passed before the limitation period expired in early August 2021. (*Id.*) Yet Mr. Vigil fails to allege any specific facts to explain why six years was not enough time for him to obtain a transcription of the recording.

Similarly without merit is Mr. Vigil's third argument based on his lack of access to a trial transcript, *i.e.*, that the Court should equitably toll the limitation period due to the state's failure to provide him with one. As discussed in Sections II. and III.B., *supra*, to successfully raise a claim for equitable tolling of the one-year limitation period for filing a federal habeas petition, a petitioner must do more than simply plead generally that he did not have access to legal materials. *Yang*, 525 F.3d at 928. Rather, he must allege specific facts to show why he required the materials to file his habeas petition and that he diligently tried to obtain them. *Id.*; *Parker*, 260 F. App'x at 85. Yet here, Mr. Vigil has neither alleged nor shown specific facts to support his claim that he needed a trial transcript to file his Petition and that he acted diligently to obtain one. Again, Mr. Vigil was actually able to file his Petition without a transcript; he had access to an audio recording of the trial years before the limitation period under Section 2244(d)(1)(A) expired; and, he alleges no specific facts to explain why he could not have had a trial transcript prepared during that time. Thus, the state's failure to provide Mr. Vigil with a trial transcript does not render his Petition timely under Section 2244(d)(1)(B) or (D), nor does it entitle him to equitable tolling of the limitation period under Section 2244(d)(1)(A).

In sum, Mr. Vigil's Petition is not timely under Section 2244(d)(1)(A) because he did not file his Petition within one year of the date the challenged convictions became final, excluding the time during which his state habeas petition was pending pursuant to Section 2244(d)(2). Further, Mr. Vigil's Petition is not timely under Section 2244(d)(1)(B) or (D), and he is not entitled to

equitable tolling of Section 2244(d)(1)(A)'s one-year limitation period. Because Mr. Vigil filed his Petition after the applicable limitation period expired and he is not entitled to equitable tolling, "his federal petition is barred by the statute of limitations." *Pace*, 544 U.S. at 419. I therefore RECOMMEND that the Court DISMISS Mr. Vigil's Petition WITH PREJUDICE.

### IV.   MR. VIGIL'S MOTION TO DISMISS

Finally, in his Motion, Mr. Vigil asks the Court to dismiss his Petition without prejudice and stay the limitation period for filing a federal habeas petition while he returns to state court to fully exhaust his state court remedies. (Doc. 27.) Alternatively, he asks the Court to stay the present matter while he returns to state court for this purpose. (*Id.*) However, as explained below, it would be improper for the Court to grant either type of relief Mr. Vigil requests.

First, it would be improper for the Court to dismiss Mr. Vigil's Petition without prejudice and stay the limitation period for filing a federal habeas petition while he returns to state court to fully exhaust his state court remedies by way of a second state habeas petition. Under Section 2244(d)(2), the filing of a state habeas petition tolls the one-year limitation period for filing a federal habeas petition only if the state petition is filed within the limitation period. 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by [Section 2244(d)(1)] will toll the statute of limitations."). Thus, a second or successive state habeas petition filed outside the one-year period has "no effect" on the timeliness of a subsequently filed federal habeas petition. *Perez v. Dowling*, 634 F. App'x 639, 644 (10th Cir. 2015).

Here, for the reasons discussed in Section III., *supra*, any second or successive state habeas petition Mr. Vigil filed would be filed outside the applicable one-year limitation period for filing a federal habeas petition. As such, even if the Court dismissed Mr. Vigil's Petition without prejudice and Mr. Vigil filed another state habeas petition, Section 2244(d)(2) would not toll the

17

limitation period, and any federal habeas petition Mr. Vigil subsequently filed would be as time-barred as his original Petition. In other words, any dismissal of Mr. Vigil's Petition will effectively be with prejudice, and to label it otherwise would be futile and misleading.

For similar reasons, it would be improper for the Court to stay the present matter while Mr. Vigil returns to state court to fully exhaust his remedies there. Again, as explained in Section III., *supra*, Mr. Vigil's pending Petition is time-barred and subject to dismissal with prejudice. And again, Mr. Vigil cannot reset the clock for filing it by filing a second or successive state habeas petition, because any such state petition would necessarily be filed outside the applicable one-year limitation period for filing a federal habeas petition. *Clark*, 468 F.3d at 714; *Perez*, 634 F. App'x at 644. Thus, even if the Court entered a stay and Mr. Vigil filed another state habeas petition, his pending federal habeas petition would remain time-barred and subject to dismissal with prejudice once the stay was lifted. In other words, a stay would serve only to delay the ultimate resolution of the case and would be futile. I therefore RECOMMEND that Mr. Vigil's Motion be DENIED.

V. **CONCLUSION**

For all of the above reasons, I RECOMMEND that Mr. Vigil's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) be DISMISSED WITH PREJUDICE. I further RECOMMEND that Mr. Vigil's Pro Se Motion to Dismiss § 2254 Petition for Writ of Habeas Corpus and to Grant Stay [of] Time Bar to [Exhaust] State [Remedies] (Doc. 27) be DENIED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**